IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ROHN MICHAEL WEATHERLY,<br><br>    Petitioner,<br><br>v.<br><br>DIRECTOR,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§   2:21-CV-157-Z-BR<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Rohn Michael Weatherly ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging a prison disciplinary proceeding, number 20200216455, that took place at the Stevenson Unit in Dewitt County, Texas. (ECF 3 at 5). The undersigned United States Magistrate Judge recommends Petitioner's application for federal habeas corpus relief be DENIED.

### I.   DISCIPLINARY CHARGE AND PROCEEDINGS

On June 18, 2020, in disciplinary case number 20200216455, Petitioner was notified he was being charged with the offense of fighting an offender without a weapon, which results in serious injury, under Level 1, Code 2.3 of the TDCJ-CID Disciplinary Rules and Procedures for Offenders. (ECF 13-1 at 4, 22). Specifically, it was alleged that on June 10, 2020, Petitioner engaged in a fight without a weapon by punching another inmate several times in the face. (*Id*. at 4). A Disciplinary Hearing Officer ("DHO") conducted Petitioner's disciplinary hearing on July

3, 2020. (*Id*. at 22). The DHO found Petitioner guilty of the charged offense and assessed punishment that included forfeiture of 50 days previously accrued good time credit.[1] (*Id*.).

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance system. (ECF 13-2 at 3–6). Having unsuccessfully challenged the case administratively, Petitioner filed the instant habeas petition challenging the disciplinary proceeding decision.

## II.     PETITIONER'S ALLEGATIONS

Petitioner contends that his federal constitutional rights were violated as a result of the disciplinary charge and finding of guilt because:

1. The DHO was biased, as shown by the DHO's refusal to allow counsel substitute to read Petitioner's statement at the hearing, and his statements that Petitioner is guilty[2];

2. Petitioner was not allowed to present evidence of his aunt's phone call to the Stevenson Unit 30 minutes before the fight, in which in his aunt told security staff his life was in danger; and

3. The day of the fight, the DHO told Weatherly "Oh you're so guilty…we got you now!" Thus, Petitioner did not receive a fair trial.

(ECF 1 at 6–7).

## III.     EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Consequently, no relief may be granted unless either Petitioner has first exhausted the remedies available in the state courts or an exception to

---

[1] Punishment assessed also included: (1) loss of 40 days of recreational privileges; (2) loss of 60 days of commissary privileges; (3) loss of 60 days of offender telephone service; (4) a class reduction; and (5) suspended contact visitation through December 3, 2020. (ECF 13-1 at 22). However, these punishments constituted changes in the conditions of Petitioner's confinement and do not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

[2] The undersigned will analyze Petitioner's fourth claim—that the DHO prohibited Petitioner's statement from being read at the hearing and made statements that Petitioner is guilty—along with his first claim because the two claims are essentially identical.

exhaustion exists. However, Petitioner's habeas application may be denied on the merits notwithstanding any failure to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030, 1031–32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[3]

Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state remedies, a claim for habeas relief must include not only reference to a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259–60 (5th Cir. 2001).

Respondent argues Petitioner's third claim is unexhausted. (ECF 14 at 6–9). The undersigned declines to analyze exhaustion and will proceed to the merits, as is within the undersigned's discretion.

---

[3] Petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988).

## IV.   STANDARD OF REVIEW

In order to prevail, Petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions that must be satisfied. 418 U.S. 539 (1974). Those are:

1. Advance written notice of the charges;

2. An opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and

3. A written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

*Id*. at 563–66.

## V.   MERITS

### A. Denial of an Impartial Hearing Officer and Opportunity to Read Written Statement (Claims 1 and 3)

Petitioner claims the DHO was biased, as shown by the DHO's refusal to allow counsel substitute to read Petitioner's statement at the hearing, and the DHO's statements that Petitioner is guilty. (ECF 1 at 6). Additionally, Petitioner claims on the day of the fight, the DHO told him "Oh you're so guilty…we got you now!" (*Id*. at 7). Petitioner argues this is proof he did not receive a fair trial. (*Id*.).

The Court reviewed the record (ECF 13) and the audio recording of the disciplinary hearing (ECF 22, Disciplinary Hearing Audio ("DHA")) and found no evidence the DHO was biased. *See Valenzuela v. Cockrell*, No. CIV.A. 502CV106C, 2003 WL 21782281, at *3 (N.D. Tex. Aug. 1,

2003) (finding no evidence DHO was biased upon review of audio recording of disciplinary hearing); *see also Jones v. Stephens*, No. 2:13-CV-0022, 2016 WL 806137, at *3 (N.D. Tex. Feb. 12, 2016), *adopted by* No. 2:13-CV-022, 2016 WL 882081 (N.D. Tex. Mar. 1, 2016) (finding the petitioner's argument that DHO was biased was not supported by evidence in the record). Nothing in the written record or the audio recording of the disciplinary hearing supports Petitioner's claim that the DHO said to Petitioner "Oh you're so guilty…we got you now!"

Further, the undersigned finds Petitioner was given the opportunity to present evidence and question the charging officer, and counsel substitute and Petitioner both made statements at the end of the hearing. (ECF 22, DHA). Although Petitioner's entire handwritten statement was not read at the hearing, it appears the statement was part of the record before the DHO. (*See* ECF 13-1 at 13–15, 22) (Hearing Work Sheet states "See Δ Written Statement Attached."). Further, when the DHO interrupted counsel substitute's recitation of Petitioner's handwritten statement at the hearing, the DHO did so to ask Petitioner specific questions about the day of the fight and the fight itself, which Petitioner answered. (ECF 22, DHA). Petitioner has presented no evidence to support his allegations of bias. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition … unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Petitioner's first and third claims should be denied.

**B. Denial of Opportunity to Call Witnesses and/or Present Documentary Evidence (Claim 2)**

Petitioner claims he was not allowed to present evidence of his aunt's phone call to the Stevenson Unit 30 minutes before the fight, in which in his aunt told security staff his life was in danger. (ECF 1 at 6). Though Petitioner mentions only his aunt's phone call to the Stevenson unit in his petition, his handwritten statement mentions two phone calls—a first call from Petitioner to

5

his family to tell them his life was in danger and to call the Stevenson Unit immediately to ask that he be put back in protective custody, and a second call from Petitioner's aunt to the Stevenson Unit immediately after the first call. (*See* ECF 13-1 at 15). The undersigned will address both calls in an abundance of caution.

The second prong of *Wolff* mandates an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 563–66. At the hearing, counsel substitute stated Petitioner requested, but was unable to obtain, a copy of the phone log from the day of the fight showing the first phone call. (ECF 22, DHA). Counsel substitute further stated she was unable to obtain a copy of the recorded second phone call—Petitioner's aunt's call to the Stevenson Unit. (*See* ECF 13-1 at 15; ECF 22, DHA). The DHO stated he was going to "deny that" because the phone calls were irrelevant. (ECF 22, DHA). Based on counsel substitute's statement at the hearing that direct evidence of the phone calls could not be obtained, it seems Petitioner did not have evidence of the phone calls to present at his hearing. However, even assuming the DHO erred by finding the phone calls irrelevant and prohibiting Petitioner from presenting direct evidence of the phone calls, Petitioner is not entitled to relief on this claim because he has not shown he was prejudiced by any such error. *See Banuelos v. McFarland*, 41 F.3d 232, 234–35 (5th Cir. 1995). This is particularly true in light of the fact that Petitioner's handwritten statement, which was part of the hearing record before the DHO, contained information about the phone calls. Petitioner's second claim should be denied.

## VI.   RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner be DENIED.

## VII.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 1, 2022.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).